IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMES R. WATSON,

    Plaintiff,

v.                        CASE NO.  4:03cv402-RH/WCS

WAL-MART STORES, INC.,

    Defendant.

_____/

## ORDER AWARDING ATTORNEY'S FEES

Defendant prevailed at the jury trial of this slip-and-fall case.  Defendant moved for attorney's fees under the Florida offer of settlement statute, §768.79, Florida Statutes, based on plaintiff's rejection of defendant's pretrial offer of settlement.  Plaintiff does not contest defendant's entitlement to an award of fees.  Plaintiff does, however, disagree with the *amount* of defendant's claimed fees.  As required by this court's Local Rule 54.1, defendant has submitted an itemized claim, supported by affidavits, showing the hours devoted to the matter, tasks performed, and rates sought for each attorney and other timekeeper who has worked on the matter.  Plaintiff has made detailed objections.  I have considered the claim and objections both as an overall matter and line by line.  I find that

defendant's claimed rates were reasonable (indeed low) and that the claimed hours were reasonably and necessarily devoted to the matter, with comparatively minor exceptions identified in this order.  I award fees (including out-of-pocket expenses in excess of taxable costs) in the total amount of $47,458.11.

## I.  Background

Plaintiff James R. Watson sued defendant Wal-Mart Stores, Inc., alleging that negligent maintenance of the floor in a Sam's Club store caused plaintiff to fall and suffer injuries.  Defendant was represented by counsel from the firm of Bozeman, Jenkins & Mathews, P.A., in Pensacola, Florida.  Defendant proposed a modest settlement but plaintiff elected to go to trial.  The jury returned its verdict in favor of defendant.

Defendant moved for attorney's fees.  By order dated October 26, 2004, I determined that defendant was entitled to an award of fees,[1] thus initiating a procedure under which defendant was required to specify the amount and basis of

---

[1] By statute, Florida has adopted an offer of judgment system.  *See* Fla. Stat. §768.79 (2004).  If a defendant makes a good faith offer that the plaintiff does not accept, and if the plaintiff then recovers nothing, the defendant is entitled to "reasonable costs and attorney's fees."  *Id*.  The Eleventh Circuit has held that §768.79 is applicable in diversity cases.  *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002); *Tanker Mgmt., Inc. v. Brunson*, 918 F.2d 1524, 1527 (11th Cir. 1990); *see also Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1304 (N.D. Fla. 2003).  The statute must be construed strictly.  *Sarkis v. Allstate Insurance Co.*, 863 So. 2d 210, 218 (Fla. 2003).

its claim, with appropriate support, and plaintiff was required to assert any objection with specificity.[2]  Defendant claims $45,153.50 in fees for 471.7 hours of attorney and paralegal work and $12,740.85 in expenses for a total of 57,894.35.[3]  Plaintiff objects to compensation for (1) 3.7 hours of attorney time for interviewing a paramedic, (2) time associated with discrepancies between defendant's contemporaneously filed time records and the hours now claimed, (3) travel time between Pensacola (where the attorneys' offices are located) and Tallahassee (where the case was filed and the trial occurred), (4) time paralegals spent summarizing depositions, and (5) insufficiently documented expenses.  This order first addresses the overall reasonableness of the requested fees and then addresses plaintiff's specific objections.

## II. Overall Reasonableness

The factors to be considered in determining a reasonable attorney's fee include:

(1)   the time and labor required;

---

[2] This accorded with this district's bifurcated procedure for determining first entitlement to, and then the amount of, an award of fees.  *See* N.D. Fla. Loc. R. 54.1.

[3] These are the amounts claimed by defendant through October 2004.  Defendant has had no need to devote significant time to the matter more recently and has made no claim for additional fees.

*Case No: 4:03cv402-RH/WCS*

(2)  the novelty and difficulty of the questions;
(3)  the skill requisite to perform the legal service properly;
(4)  the preclusion of employment by the attorney due to acceptance of the case;
(5)  the customary fee;
(6)  whether the fee is fixed or contingent;
(7)  time limitations imposed by the client or the circumstances;
(8)  the amount involved and the results obtained;
(9)  the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).[4]

Defendant's claimed hourly rate for attorneys is $125 and for paralegals is $62.50. These are well within (indeed, at or near the low end) of the range of rates ordinarily charged in this community.[5] The hours devoted to this matter during the

---

[4] It perhaps could be debated whether federal or Florida law governs determination of the *amount* of fees to be awarded under the Florida offer of settlement statute in a diversity case litigated in federal court. But the result would be the same either way. The Florida courts have adopted the federal lodestar approach, *see Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1146 (Fla. 1985), and while Florida courts enhance the lodestar for contingency, defendant's attorneys handled this case on an hourly basis, not on a contingency. The factors that Florida courts consider in setting a lodestar are "essentially the same as those" considered by federal courts. *Id*. at 1150. Section 768.79(7)(b), Florida Statutes, lists factors for consideration that do not substantively change the analysis.

[5] Defendant was represented by attorneys based in Pensacola. Defendant's attorneys are entitled to fees that are reasonable for Tallahassee. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (holding plaintiffs entitled to the prevailing rate in the city where the action was filed, not in the city where plaintiffs' attorneys practiced). Rates in Pensacola are not higher than those in Tallahassee, and, in any event, the rates claimed in the case at bar are reasonable

period at issue also were within the range of reasonableness.[6]  The overall fee was reasonable, with the minor exceptions noted below.

These conclusions are made independently of, but are supported by, the fact that defendant paid these attorneys these amounts for doing this work.  When sophisticated clients, well able to hire attorneys of their choice and to negotiate and monitor fee arrangements, in fact pay the fees at issue, this is at least some indication that those fees are in line with the prevailing market.  *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) ("What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'").  And it bears noting, also, that plaintiff has taken no exception to the rates claimed by these attorneys or to the overall time devoted to the matter, subject to the specific objections addressed below.

## III.  Objections

### A.  Conferring with Paramedics

---

by Tallahassee as well as Pensacola standards.

[6] Two attorneys attended the trial, but the attorneys charged only a paralegal's rate for the second attorney, under their agreement with defendant.  This eliminates any basis for questioning the necessity of having two attorneys at the trial of a slip and fall case.  It bears noting, also, that while not complex, this was not the simplest of slip and fall cases.  Given the reduced rate for the second attorney, the case was not overstaffed.

*Case No: 4:03cv402-RH/WCS*

Plaintiff asserts it violated Florida law for defendant's attorneys to confer ex parte with a paramedic who responded to the emergency call when plaintiff fell. *See* §456.057(6), Fla. Stat. (2004) (prohibiting disclosure of information disclosed by a patient to a "health care practitioner," except in response to a subpoena or in other circumstances not present in the case at bar). Plaintiff objects to the payment of attorney's fees for 3.7 hours devoted to this unlawful activity and further asserts that defendant's entire fee claim should be disallowed as a sanction.

A paramedic is not a "health care practitioner" within the meaning of §456.057(6). Under §456.001(6), a "health care practitioner" is a person licensed under certain chapters of the Florida Statutes. Noticeably absent from the list is chapter 401, under which paramedics are licensed. It thus was not unlawful, and it also was not unreasonable, for defendant's attorneys to interview the paramedic, a witness to events at issue. Interviewing witnesses, rather than taking their depositions, is still an appropriate method of preparing for trial. No reduction from defendant's claim will be made based on this objection.

## B. Discrepancy with Contemporaneously Filed Time Records

Plaintiff alleges several discrepancies in the time records defendant filed with the court each month during this litigation as required by Local Rule 54.1(b),

on the one hand, and the time for which defendant now seeks compensation, on the other hand.  The monthly time records as filed with the court for the period from March 2004 to October 2004 claimed these hours:  Raymond Higgins - 274.9; Thomas Jenkins - 50.9; Shelly Payton - 173.8; Sharon Williams - 0.7; and Kevin Hausfield - 26.3.  Defendant now seeks an award for these hours:  Raymond Higgins - 241.5; Thomas Jenkins - 51; Shelly Payton - 159.2; Sharon Williams - 0.6; and Kevin Hausfield - 19.4. There thus is a discrepancy, albeit comparatively minor, between the prior filings and the amount now claimed.  But the amount now claimed is *lower* than would have been supported by the monthly filings, primarily because the attorneys billed and collected for less than all their time.  Plaintiff obviously has no grounds for complaint that defendant's attorneys are seeking payment for less than all the time devoted to the matter.[7]  No reduction will be made based on this objection.

**C.  Travel Time**

Plaintiff next seeks to disallow travel time.  Some attorneys in this district, as elsewhere, still charge for time spent traveling.  Time for which the market pays

---

[7] The discrepancy also results in part from the exclusion of time preceding the offer of judgment.  Defendant is entitled to attorney fees only for time devoted to the matter after March 24, 2004, the day the offer of judgment was made.  *See* Fla. Stat. §768.79(1) (entitling a defendant to recover fees "from the date of filing of the offer" of settlement); *Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1304 n.6 (N.D. Fla. 2003).

ordinarily is time that may be awarded.  But the reason for the travel here was simply that defendant chose Pensacola counsel for a Tallahassee case.  Just as plaintiff ought not be required to pay a higher rate for out of town attorneys, *see* supra note 5, I conclude that plaintiff ought not be required to pay for travel time (or expenses) between these attorneys' home city and the forum.  This was, after all, a case for which qualified attorneys in Tallahassee were available in abundance.  Fees of $3,207.25 will be disallowed on this basis.[8]

### D.  Summarizing Depositions

Plaintiff alleges the paralegal time claimed by defendant for summarizing deposition transcripts was excessive.  Plaintiff specifically complains of 9.1 hours for summarizing the 110 page deposition of plaintiff James R. Watson himself.  Defendant's attorneys say their paralegals usually summarize 14 to 18 pages per hour.  *See* document 93.  At that rate, a paralegal should have completed plaintiff's 110 page deposition in 6.1 to 7.9 hours.  The attorney records indicate that the first 30 pages of the deposition of "Mr. Watson" was summarized twice, the first time

---

[8] This is not a criticism of defendant for hiring Pensacola attorneys or of these attorneys for accepting this employment.  Clients sometimes prefer a continuing relationship with a smaller group of attorneys, resulting in the employment of attorneys who handle cases not only in their own cities, but elsewhere.  Such an arrangement may have many advantages to the clients and attorneys alike.  But that does not mean that an opposing party who is obligated to reimburse attorney's fees should pay the cost of those advantages.

taking 1.8 hours; this is part of the 9.1 hours identified as devoted to his deposition. It is likely, however, that this was a typographical error, and that in fact this 1.8 hours was spent summarizing the deposition of Mr. Watson's *wife*, *Mrs.* Watson, who was also deposed. Even so, defendant does not seriously contest disallowance of 1.8 hours as duplicative. This reduces defendant's claim by $112.50. I find all remaining time devoted to summarizing depositions to be properly compensable.[9]

### E. Expenses

Included in defendant's claim are out-of-pocket expenses totaling $12,740.85. *See* document 89, attach. 2 at 3. That list includes costs in the amount

---

[9] With the possible exception of the 1.8 hours, the time devoted to summarizing depositions was a reasonable amount of time for completing this task. Some attorneys still have paralegals summarize depositions (a practice that developed when transcripts came without indexes and searchable text was unheard of), and the market still sometimes pays the charge. One might reasonably question why that is so. Searchable transcripts are now readily available, and laptop computers on counsel table are commonplace. Moreover, in a slip and fall case, one wonders how hard it could be to have a command of the depositions, perhaps with post-it notes marking key passages, without the need for separate detailed summaries. Indeed, some might suggest that having summaries makes the attorney's job more difficult, not less; the summaries are one more source to keep track of or consult. It is perhaps no coincidence that some personal injury defense attorneys and commercial litigators (who typically charge by the hour, not only for their own time, but for paralegals) choose to have detailed summaries prepared, while most personal injury plaintiff's lawyers (who are paid based only on the result) do not. In the case at bar, however, the hourly rate paid to these attorneys was very low, and the overall fee was reasonable. Whatever might be said of a fee for summarizing depositions under other circumstances, I find that in the case at bar this was just one component of an overall reasonable fee, and I choose to allow the claim.

of $3,150.35 that are taxable under 28 U.S.C. §1920 and have been separately taxed by the clerk.[10]  The list also includes travel expenses of $2,091.14 that, as set forth above, will not be awarded.  Finally, the list includes expert witness fees of $1,875.00 that, as a matter of law, are not taxable in excess of the rate applicable to non-expert witnesses (which was separately taxed by the clerk).  *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987) ("[W]hen, a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of [28 U.S.C.] § 1821(b), absent contract or explicit statutory authority to the contrary."); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996).  I find that the remaining $5,624.36 consists of expenses reasonably and necessarily incurred for defense of this action, that these are expenses of a type ordinarily reimbursed to attorneys in this district by their clients as separately itemized elements of a reasonable attorney's fee, and that these expenses were in fact reimbursed to these attorneys by defendant.  I conclude that these amounts should be included in the award of fees.

## IV. Conclusion

I find that defendant reasonably incurred attorney's fees of $41,833.75 and

---

[10] This total consists of $282.50 for witness fees, $2,837.35 for court reporter fees, and $30.50 for copy charges.  *See* documents 89, attach. 2, and 96.

expenses (over and above taxable costs) of $5,624.36 for the period at issue, resulting in an appropriate award of $47,458.11.  Accordingly,

    IT IS ORDERED:

    Attorney's fees and expenses are hereby awarded in favor of defendant against plaintiff in the amount of $47,458.11.  The clerk shall enter judgment for attorney's fees stating, "Defendant Wal-Mart Stores, Inc., shall recover from plaintiff James R. Watson attorney's fees (including out-of-pocket expenses over and above taxable costs) in the amount of Forty-Seven Thousand Four Hundred Fifty-Eight Dollars and Eleven Cents ($47,458.11)."  The clerk shall close the file.

    SO ORDERED this 25th day of May, 2005.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge